IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ARTURO CHAIREZ, | ) | No. C 07-2643 MMC (PR) |
| | ) | |
| Petitioner, | ) | **ORDER DISMISSING MOTION FOR EXTENSION OF TIME AS MOOT** |
| | ) | |
| v. | ) | |
| | ) | |
| DARREL ADAMS, Warden, | ) | **(Docket No. 6)** |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The above-titled action was opened on May 17, 2007, when petitioner, a California prisoner proceeding pro se, filed a motion "For Time Extention of Habeas Corpus Petition Under 2254 28 U.S.C.A. Fed. Rule Civil Procedure," in which petitioner sought to "extend the deadline" imposed by the applicable statute of limitations for federal habeas petitions, with respect to a federal habeas petition he wished to file in the future. On June 11, 2007, the Court declined to construe the motion as a petition for a writ of habeas corpus, because petitioner had not alleged any grounds for habeas relief, and it was clear that he was not asking for relief from his conviction but, rather, from the statute of limitations. Moreover, petitioner had failed to meet even the most basic requirements for proceeding with a habeas corpus petition in federal court, such as proper jurisdiction and venue. Consequently, the Court dismissed the action without prejudice to petitioner's filing a petition for a writ of habeas corpus or a complaint for other relief. (See Order of Dismissal, filed June 11, 2007.)

On August 3, 2007, petitioner filed a document titled "Notice of Motion for a Second Time Extention of Habeas Corpus Petition Under 2254 28 U.S.C.A. Fed. Rule Civil Procedure." In said motion, petitioner asks the Court for a second extension of time to file a

1  habeas petition, the stated reason that he has not yet received the transcripts of his state court
2  proceedings.
3        Because the instant action was closed on June 11, 2007, the motion is hereby
4  DISMISSED as moot,  Petitioner should not file any further motions in this action.  If
5  petitioner seeks to challenge the validity of a state conviction under 28 U.S.C. § 2254, he
6  may file, in a new action, a properly captioned petition for a writ of habeas corpus that
7  satisfies at least the basic pleading requirements for such an action.
8        This order terminates Docket No. 6.
9        IT IS SO ORDERED.
10 DATED: November 5, 2007

_____
MAXINE M. CHESNEY
United States District Judge